Smith, J.
We state our conclusions on the questions raised by the demurrer to the first and second defenses set up in the answer of Sarah McClaskey and others, as briefly as we can, in view of the many interesting and important points argued to us.
The facts in the case, as they appear from these defenses and the record itself, so far as it is necessary to state them, *71 are substantially these: In 1881, the plaintiff filed in the Court of Common Pleas of Hamilton county the petition in this case, praying for the partition of many lots and parcels of land .described therein, situated on Price Hill, in this city, and which were then in possession and occupancy, severally, of a great many persons, who are claiming to be the rightful owners thereof, and who were made defendants to the petition. In it, the plaintiff claimed to be a tenant in common with these defendants in possession, and with others not in possession, (who were also made parties), and to be entitled to a certain interest therein, set out in his pleading. He also asked for an account for the rents and profits from those who had been in the possession of the property. As we understand, he claimed to be an heir-at-law of one of the brothers or sisters of Wm. Barr, deceased, (who were when living, the owners of the property), and the devisee, under the will of another brother, of an additional interest in the estate. In 1886 the case came on for trial in the court of common pleas, and after the conclusion thereof, and after decision had been announced by the trial judge, but before the judgment had been entered, Sarah McClaskey and the other clients of Judge Cowan and Mr. Fay, claiming to be heirs-at-law of another brother or sister of William Barr, deceased, and thereby to have an interest in this land, applied to the court to be made parties in this claim. Their application was not at once granted, and thereupon it was withdrawn, and another action commenced by them in the Superior Court of this city against the parties to the other suit, asking for the partition of such premises and an account for the rents and profits thereof. This action, in 1887, on the application of some of the defendants in possession of the land, was duly removed to the Circuit Court of the United States, in which it is still pending. After such removal, numerous additional parties were made therein, and the defenses which have recently been filed in this court by the plaintiffs in the other case, (and which have been demurred to), aver that all^of the parties necessary to a complete determination of such action *72 in the United States Court, are parties thereto, and that as to some of them decrees pro eonfesso have been taken, which are in full force, and that on the hearing of motions, pleas and demurrers, the court has passed upon and finally adjudicated many of the issues raised in that action, which are the same raised in this, and which judgments are still in full force and effect, and particularly that it was by that court adjudged that the defendants in possession of, and claiming title to said premises, have not held or claimed the same adversely to the plaintiffs in that case for more than twenty-one years last past. It further appears from the record, that after the commencement of said suit in the Superior Court, a decree was entered by the court of common pleas in the case there pending, in conformity with the decision thereof before announced, the plaintiffs in the ease in the Superior Court not having been at that time made parties thereto. Such decree found that the plain till had an interest in the real estate in question, and was entitled to an account for rents and profits; but as the interest of plaintiff was found to be much less than the amount claimed by him, an appeal was taken by him to the Circuit Court.
After it came here, it being conceded that the plaintiffs in the other snit, (which was then pending in the U. S. court), had, or claimed to have an interest as tenants in common with the other parties to the action, the plaintiff was required to make them defendants to this action, and to bring them before the court, that the whole question involved might be determined, which was done. And said persons have now filed their answers, protesting against the jurisdiction of this court over them, or over the subject of the action, and setting out the facts in the ease, substantially as above stated; which, it is claimed, support such defenses. And they further claim that at all events, as they were not parties to this case while it was pending in the court of common pleas, they can not now be made parties in this court.
As to these claims, we are of the opinion:
First — That the petition in this case having been filed, and *73 service made on many, or all of the defendants therein named, several years before the commencement of the suit in the Supreme Ooui’t, that the common pleas court thereby acquired jurisdiction of the subject-matter of the action, and of the persons of those served with process, and did not lose it by reason of th.e fact that all of the necessary parties thereto had not been parties thereto and served with process therein, prior to the commencement of the other suit, and such persons might afterwards be made parties, and duly served; and when this was done, the court had the power to proceed to hear and adjudicate the case notwithstanding the continued pendency of the other case in the U. S. Court. It seems to be the established doctrine of the law, that the pendency of one suit cannot be successfully pleaded in abatement or in bar of a second suit between the same parties, unless it appear that the second suit was by the same plaintiff, against the same defendant, and for substantially the same cause of action, which cannot be the case when the parties arc reversed. Sec 3 Sumner, 165; 3 Blatchford, 105.
Second — It is urged that these defendants, not having been parties to the case while it was pending in the court of common pleas, cannot be legally and properly made partiés .in this court, they not having had the benefit of a trial in the other court. We'arc of the opinion that there should' not have been a trial of the case below until all the necessary parties were before the court, if it had been known that there were such; and we think, as it was discovered before the judgment was entered, that the better practice would have been to have required that they be made parties and have an opportunity to set up their claims, ás it was manifest that no complete settlement of the rights of those then before the court could be had without their presence. See 6 Wallace, 280; 14 Ohio St. 302.
Rut as this was not done, we are nevertheless of the opinion that under the provisions of sec. 5225, as'construed by the Supreme Court in several cases, that these persons might *74 properly be made parties in this court. The right of the appellate court to allow amendments which do not set up a new or different cause of action, is clear, and it follows in such cases that if new parties are necessary, they may be there brought in. We think no new or different cause of action was asserted in this court, and that these defendants were properly made parties here. See 8 Ohio St. 1-30; 12 Ohio St. 11; 25 Ohio St. 128; 3 Ohio St. 537; 20 Ohio St. 38; and 30 Ohio St. 365.
Third — The effect of the removal of the case from the Superior Court to the Circuit Court of the United States, unquestionably was to give to that court exclusive jurisdiction thereof, and to deprive the Superior Court of any right or authority to take any further step therein. But we are no aware of any principle of law, and no case is cited to us which supports the idea, that such removal of itself, in a case like this, would in any way affect another action between the same parties with regard to the same subjectrmatter, pending in a different (or the same) court, in the same state, which had been commenced long before the one so removed. The case so transferred carried with it all its rights and incidents, and stood there practically, as if it had been there commenced and carried on. And it cannot be rightly claimed, we think, that if the second case had been commenced in the U. S. Court, after the commencement of the one in the state court, that the former would thereby have exclusive jurisdiction to hear and decide the same questions which were involved in both, and oust the state court of its jurisdiction first obtained.
It may be, and we think it is the case, that if both, or even the second suit, is in the nature of a proceeding in rem, and the res is seized, and is actually or constructively in the possession of the court under proceedings in the second suit, before it is seized by process in the action first commenced, that the court which thus first acquired such possession, would be entitled to adjudicate thereon and direct the disposition to be made of it, as against the first suit. Or at all events, that the. *75 comity which exists between courts of like jurisdiction, would prevent any interference with such possession. But as we understand both of these actions to be personal, and not proceedings in rem, and as there has been no actual or constructive possession or seizure of this property, it is unnecessary further to consider this question.
Fourth — We are of the opinion then, that these two cases are standing in different courts — each having the right and authority to hear and determine the same — and the fact that one of the courts first obtained service on all of the necessary parties, does not of itself oust the other court of its jurisdiction, when all the parties are subsequently before that court. Of course, this may work a hardship to suitors, who will thus’ be put to the trouble and expense of litigating what are practically the same questions in two or more different tribunals at the same time. And cases may be imagined where grea' difficulty and conflict might arise, as where wholly different judgments are rendered by the different courts on the same day. But practically this is not at all likely to occur; and courts are so constituted that such conflicts may and will be in some way prevented or corrected.
But if it be true, as seems to be the case, that the final decision of the court first adjudicating the matter, is the one which is valid and binding on the parties, such judgment might be pleaded in bar of the other case, so far as it operates as an adjudication of the questions therein decided.
Fifth — This leads to the consideration of the question whether the allegations of the answer, hereinbefore stated, are sufficient to show that there has been such a final adjudication in the United States Court, as deprives this court of the right further to proceed in this case. These allegations are made in a plea to the jurisdiction of the court, and not as a plea of res judicata, and as such are not good. This court still has the right to proceed, and if the U. S. Court has rendered such- *76 a judgment as would support a plea of res judicata in this case if interposed, (which we think is not the case), the defense can be made and the issue properly 'raised and decided hereafter.
J. L. Lincoln, J. C. Harper and 8. T. Grawford, for the demurrers.
G. W. Cowan and Wm. Fay, contra.
For these reasons we think that the pleas to the jurisdiction are not good, and the demurrers thereto will be sustained.